PRENO et ux. v. CONNELL ANTHRACITE MINING CO.

(Circuit Court of Appeals, Third Circuit. February 1, 1924.)

No. 3022.

Master and servant ⬤➡358—No waiver of right of election under Compensation Act, when minor's parents did not know of employment.

Where a minor employee's parents had no knowledge of the employment and did not consent thereto, the presumption that the Pennsylvania Workmen's Compensation Act (Act June 2, 1915, art. 3, § 302, subd. "a" [Pa. St. 1920, § 21985]) applied being not conclusive, and the minor him-

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

self having no power to determine whether the act should or should not apply there was no waiver of the right to elect, and the action by the parents for death was in itself an election that the act should not apply.

In Error to the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

Action by Dominick Preno and wife against the Connell Anthracite Mining Company. Judgment (284 Fed. 495) for defendant, and plaintiff brings error. Reversed.

W. J. Fitzgerald, George W. Ellis, and O'Brien & Kelly, all of Scranton, Pa., for plaintiff in error.

R. S. Houck, of Scranton, Pa., for defendant in error.

Before WOOLLEY and DAVIS, Circuit Judges, and W. H. S. THOMSON, District Judge.

THOMSON, District Judge. This was an action of trespass brought by Dominick Preno and wife, subjects of Italy, to recover damages for injuries resulting in the death of John Preno, their minor son. The defendant is a corporation, having its offices in the city of Scranton, and was operating coal mines in Bernice, Sullivan county, Pa. John Preno was of the age of 18 years, and living with his parents in Scranton until two days before his death, when, at the instance of the defendant, and without his parents' knowledge or consent, he went to Sullivan county and took employment with the defendant. It is alleged that he was placed at work in a dangerous place, and that defendant failed to properly guard the machinery on which he was working, and as a result he received an injury which resulted in his death. He had been at work only a day and a half, and being caught in a conveyor line, was killed. Defendant's affidavit of defense was in the nature of a statutory demurrer, the claim being that the plaintiffs were not entitled at law to recover, because under the Workmen's Compensation Law of 1915 (P. L. 736, and its supplements [Pa. St. 1920, § 21916 et seq.]), the minor was presumed to have accepted the provisions of article 3 of that act; that the rights and remedies of the plaintiffs, if any, are prescribed to be limited thereto, to the exclusion of any action in court; that the court is without jurisdiction to entertain the action, as the Workmen's Compensation Act vests original jurisdiction for the enforcement of all rights thereunder, in the Workmen's Board.

On argument of the case, on the statement and affidavit of defense, the court was of opinion that the case was within the provisions of the Workmen's Compensation Act, and as a result, that the District Court was without jurisdiction. The case was dismissed without prejudice, from which judgment this appeal was taken.

The correctness of the court's decision depends upon the interpretation of section 302 (a), article 3, of the Pennsylvania Act of 1915. The question here does not involve the validity of the contract of hiring, when the employee is a minor. It involves only the question of the forum which has the right to determine the amount of compensation which he may receive, in case of injury during such employment.

It appears perfectly plain that the act intends that the parties themselves have the right to determine at the time of the contract of hiring, whether the act shall, or shall not apply. In the case of adults, there is a conclusive presumption (that is, a presumption which cannot be controverted) that the parties have accepted the provisions of article 3 of the act, and have agreed to be bound thereby, unless at the time of the making, renewal, or extension, of such contract, an express statement in writing, from either party to the other, be made, that the provisions of article 3 are not intended to apply, and unless, also, a copy of such written statement be made under oath, and filed with the bureau within ten days after service of the notice, and before the accident has occurred. Unless these conditions are complied with, the party cannot be heard to say that section 3 does not apply to the hiring. In the case of minors, a different situation is presented, and different conditions are made applicable, by the very wording of the act. In that case, the employment raises a presumption (not a conclusive presumption), that article 3 shall apply, "unless the said written notice be given by or to the parent or guardian of the minor." It will be observed from this language that the minor himself has no power of choice; that right has been conferred on the parent or guardian of the minor.

This is clearly for the minor's interest and for the protection and preservation of his rights. It would be a strained construction to hold that the right of the minor to determine whether the act shall or shall not apply, which has been vested in his parent or guardian, can be nullified or taken away when as in this case such parent or guardian has no knowledge of the minor's employment, and no opportunity to exercise the right vested in them by the act of assembly. Certainly, the minor himself has no power to waive his right by nonaction, because the right of election is not vested in him. Such right could only be waived by those to whom the right of election is given. The act seems clearly to contemplate that the election shall be made by those legally competent to waive the rights of the minor employee. Having no knowledge of the employment, and no opportunity to make the election, before death had intervened, the minor's rights were not thereby waived. This action by the parent is in itself an election, that the act shall not apply. The case of Standard Oil Co. of Louisiana v. Parhan (C. C. A.) 279 Fed. 945, reported since the decision of the court below, is entirely in point.

We are of opinion that the District Court had jurisdiction of the action, and the judgment is therefore reversed.