## Fritsch et al., Appellants, *v.* Pennsylvania Golf Club.

Argued November 27, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Peirce A. Hammond, Jr.,* with him *Langdon W. Harris, Jr.,* and *Harris, Hammond & Harris,* for appellants.

*James McG. Mallie,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, January 6, 1947:

This appeal is from the judgment of the court below sustaining an affidavit of defense raising questions of law, challenging appellants' right to proceed in an action at law and contending that the remedy, if any, was under the Workmen's Compensation Act.

Thomas J. Fritsch, a minor, by his parents and natural guardians, Edward C. Fritsch and Elizabeth F. Fritsch, and Edward C. Fritsch and Elizabeth F. Fritsch, in their own rights, appellants, instituted this action in trespass against the Pennsylvania Golf Club, appellee, to recover damages for injuries sustained by the minor appellant while in the course of his employment. The statement of claim alleged that on August 1, 1944, Thomas was employed by appellee to care for the greens at the latter's course at Llanerch, Delaware County. At that time minor appellant was 14 years and 10 months of age and had not obtained a working certificate, as required by the Child Labor Act, nor was the same requested by appellee. On August 31, 1944, in the course of his employment, Thomas was riding

appellee's tractor when he was accidentally thrown off and seriously and permanently injured.

Where a minor has been illegally employed and neither he nor the employer has rejected Article III of the Workmen's Compensation Act, may he maintain an action at law against his employer upon a cause of action based upon an injury sustained in the course of employment?

Section 320(a) of the *Workmen's Compensation Act of 1915,* P. L. 736, as amended by the Act of 1939, P. L. 520, 77 P. S. section 672, provides: "If the employe at the time of the accident is a minor, under the age of eighteen years, employed or permitted to work in violation of any provision of the laws of this Commonwealth relating to minors of such age, compensation, either in the case of injury or death of such employe, shall be one hundred and ten per centum of the amount that would be payable to such minor if legally employed." Section 301(b) of the Act, as amended by the Act of 1939, supra, 77 P.S. section 421, provides: "The right to receive compensation under this act shall not be affected by the fact that a minor is employed or is permitted to be employed in violation of the laws of this Commonwealth relating to the employment of minors, or that he obtain his employment by misrepresenting his age." Section 302(a) of the Act, as amended, 77 P.S. section 461, provides that: "In every contract of hiring . . . expressed or implied . . . it shall be conclusively presumed that the parties have accepted the provisions of article three of this act, and have agreed to be bound thereby, unless there be, at the time of the making . . . of such contract, an express statement in writing, from either party to the other, that the provisions of article three of this act are not intended to apply . . . In the employment of minors, article three shall be presumed to apply, unless the said written notice be given by or to the parent or guardian of the minor." Employee, as defined by section 104 of the

Act, as amended, 77 P.S. section 22, includes "All natural persons, who perform services for another for a valuable consideration . . ."

Prior to the amending Act of 1931, P.L. 36, the provisions of the Workmen's Compensation Act did not apply to minors illegally employed: *Lincoln v. National Tube Co.*, 268 Pa. 504, 507, 112 A. 73. By that Act, section 320 · was added. Sub-section (g) provided: "If neither party has elected not to be bound by the provisions of article three of the act . . . they shall be held to have agreed to be bound by the provisions of this act and to have waived any other right or remedy at law or in equity for the recovery of damages for injuries . . ." The reënactment of the Workmen's Compensation Act in 1937, P.L. 1552, amended the definition of employe by inserting the words "including minors." Section 108 was added. It provided: "For the purpose of this act, minors shall have the same power to contract, file claims for compensation and receive compensation as adult employes . . ." Section 301(b), supra, was also added.

The legislature, in reënacting the Workmen's Compensation Act, 1939, P.L. 520, amended the definition of employe by omitting the words, "including minors"; deleted section 108, which gave minors the same power to contract as adults; amended section 320(a) by reducing the amount payable to illegally employed minors to 110 per centum; and deleted sub-section (g). Sections 301(b), 302(a) and 303 remained unchanged. Section 303, 77 P.S. section 481, provided: "Such agreement shall constitute an acceptance of all the provisions of article three of this act, and shall operate as a surrender by the parties thereto of their rights to any form or amount of compensation or damages for any injury or death occurring in the course of the employment, or to any method of determination thereof, other than as provided in article three of this act . . ." Section 320(a) was not altered.

Appellants contend that the legislature, by omitting the words, "including minors" in the definition of employee and by the elimination of sections 108 and 320(g) intended thereby to exclude illegally employed minors from the general provisions of the Act and to provide merely a "right" to seek relief under the Act, which right was elective and not exclusive.

The Workmen's Compensation Act must be considered as an entirety; each section thereof must be read and construed in conjunction with the others, not as a separate law unto itself. The Act is remedial, and should receive a liberal construction: *Ginther v. J. P. Graham Transfer Co.*, 348 Pa. 60, 33 A. 2d 923. The provisions thereof cannot, however, be extended. Nor can rights and duties not given or imposed by the terms of the Act, or by necessary implication therefrom, be created by judicial construction. The conclusion is inescapable that illegally employed minors are not, with the single exception of the amount recoverable in the case of injury or death, to be placed in a category separate and apart from minors lawfully employed. They fall within, and are bound by, the general provisions of the Act.

With regard to the amended definition of employee, the error of appellants' contention becomes manifest when the provisions of section 302(a) are considered. That section specifically states: "In the employment of minors, article three shall be presumed to apply, unless the said written notice be given by or to the parent or guardian of the minor."

The failure to reënact section 108 does not aid appellants. Consideration of the subsequent provisions, heretofore referred to, amply provide, by necessary implication, the power of minors to contract. If said power did not exist, every section of the Act referring to minors would be meaningless and ineffective. Ample protection for the retention of a common law remedy is given by section 302(a), supra.

Removal of section 320(g) from the Act does not indicate a legislative intent that minors illegally employed are not to be bound by the general provisions of the Act. Section 320 provides that even though the employment is illegal "compensation . . . shall be one hundred and ten per centum of the amount that would be payable to such minor if legally employed."

Appellants contend that the effect of the Act of 1939 is to relegate illegally employed minors to the status occupied by them prior to the Act of 1931, and that section 301(b), providing for "the right to receive compensation", shows clearly a legislative intention to provide a remedy for such minors under the Act, but not to make that remedy exclusive. *Lincoln v. National Tube Co.*, supra, is not controlling. In that case, this Court held that since the Act referred to agreements, expressed or implied, and since contracts of employment with minors under the age of 18 were illegal, such contracts of employment were not within the scope of the Workmen's Compensation Act. The Act at that time did not contain any provision relating to illegally employed minors. The legislature has since, by the enactment of section 320, as amended, and the amendments to section 301(b), provided for compensation to minors, both legally and illegally employed.

There has been no indication, expressed or implied, of a legislative intent to provide either alternative or concurrent remedies in the case of injury to, or death of, illegally employed minors. An action at law can be maintained only when pursuant to provisions of section 302(a) either party has duly rejected the Act by the required written notice given by or to the parent or guardian of the minor. Admittedly, this was not done in the instant case. The general provisions of the Act must be deemed applicable and, therefore, section 303, supra, limited appellants' right for the recovery of damages to section 320(a) of the Act.

Judgment affirmed.