Lengyel, Appellant, *v.* Bohrer.

Argued January 14, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and ARNOLD, JJ.

*Wilfred R. Lorry,* with him *Joseph Weiner, William D. Valente, Freedman, Landy & Lorry,* and *Albert Blumberg,* for appellants.

*Herbert A. Barton,* with him *Swartz, Campbell & Henry* and *Robert W. Beatty,* for appellees.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, February 13, 1953:

A young lad was employed in violation of the provisions of the Child Labor Act of May 13, 1915, P. L. 286, as amended. The question here presented is whether he and his parents can assert a right of action in trespass against his employer or whether their remedy is confined to the Workmen's Compensation Act.

In November, 1950, George J. C. Lengyel, then 14 years of age, was employed by Marvin Bohrer as office boy for Marvin Bohrer, Inc., a corporation operating a lumber and millwork plant. In the beginning he was not required to work with or about any power ma-

chinery but in February, 1951, Bohrer, assigned him duties which required him to work in the mill at a power-driven cut-off saw. On April 22, 1951, he started to work at the plant at 8 a.m. and continued all day until about 11 p.m. when his left hand became entangled in the saw, as a result of which he sustained very severe injuries. He and his parents brought an action in trespass against Bohrer and the corporation to recover damages based upon his illegal employment. Defendants filed preliminary objections to the complaint on the ground that plaintiffs were relegated for relief to the provisions of the Workmen's Compensation Act, there being no allegation in the complaint that either the minor plaintiff or the employer had rejected article 3 of the Act. The court below, in a carefully considered opinion, overruled the objections as to the individual defendant, with leave to him to file an answer to the complaint, but sustained the objections of the corporate defendant and entered judgment in its favor. From that judgment plaintiffs appeal.*

By section 5 of the Child Labor Act, as amended by the Act of July 19, 1935, P. L. 1335, it was provided that no minor under 16 years of age should be employed or permitted to work in, about, or in connection with, any manufacturing or mechanical occupation or process. Regulation M-19 of the Department of Labor and Industry prohibited the work of minors under 18 years of age on power-driven machinery in woodworking shops. Section 4 of the Child Labor Act as amended provided that no minor under 18 years of age should be employed or permitted to work in, about, or in connection with any establishment, or in any occupation,

---

* The overruling of the preliminary objections of the individual defendant, being an interlocutory order, is not the subject of appeal, and therefore the merits of the court's decision in regard to that defendant are not presently before the court.

for more than eight hours in any one day, or, if under 16 years of age, after seven o'clock in the evening. The averments in plaintiffs' complaint, therefore, if true, make out a clear case of illegal employment.

Before the enactment of the Acts of April 14, 1931, P. L. 36, June 21, 1939, P. L. 520, and May 18, 1945, P. L. 671, amending the Workmen's Compensation Act of June 2, 1915, P. L. 736, not only had it uniformly been held that a minor employed in violation of the Child Labor Act could maintain an action of trespass for personal injuries received during the course of his employment (*Lincoln v. National Tube Co.*, 268 Pa. 504, 112 A. 73; *King v. Darlington Brick & Mining Co.*, 284 Pa. 277, 280, 131 A. 241, 242) but no distinction was made between cases where the illegality of the employment arose by reason of the dangerous nature of the work permitted to the minor and those where the violation was merely the failure of the employer to procure an employment certificate or to post the names of the minors employed: *Krutlies v. Bulls Head Coal Co.*, 249 Pa. 162, 94 A. 459; *Chabot v. Pittsburgh Plate Glass Co.*, 259 Pa. 504, 103 A. 283; *Mitchell v. Mione Mfg. Co.*, 112 Pa. Superior Ct. 394, 171 A. 114.

The Act of April 14, 1931, P. L. 36, amending the Workmen's Compensation Act, added to the original act a new section, numbered 320, which, in clause (a) provided that "If the employe at the time of the accident is a minor, under the age of eighteen years, employed or permitted to work in violation of any provision of the laws of this Commonwealth relating to minors of such age, compensation, either in the case of injury or death of such employe, shall be double the amount that would be payable to such minor if legally employed. . . ." Clause (b) provided that "The employer and not the insurance carrier shall be liable for the additional compensation. Any provision in an insur-

ance policy undertaking to relieve an employer from such liability shall be void." The amendatory Act of June 21, 1939, P. L. 520, changed the provision of the 1931 Act that, in the case of illegal employment, the compensation should be double the amount that would be payable to the minor if legally employed, to a provision that in such case the compensation should be one hundred and ten percentum of such amount. The amendatory Act of May 18, 1945, P. L. 671, added to section 320 a clause (g) which provided that "If neither party has elected not to be bound by the provisions of article three of the act to which this act is an amendment, in the manner prescribed by section three hundred and two of said act, they shall be held to have agreed to be bound by the provisions of this act and to have waived any other right or remedy at law or in equity for the recovery of damages for injuries occurring under the circumstances herein described."**

As a result of these changes in the original Workmen's Compensation Act this court held in *Fritsch v. Pennsylvania Golf Club*, 355 Pa. 384, 50 A. 2d 207, that an illegally employed minor could not, since the passage of those amendatory enactments, maintain an action at law against his employer upon a cause of action based upon an injury sustained in the course of employment, where neither he nor the employer had rejected article 3 of the Workmen's Compensation Act. It was there definitely stated (p. 388, A. pp. 208, 209) that "The conclusion is inescapable that illegally employed minors are not, with the single exception of the amount recoverable in the case of injury or death, to be placed in a category separate and apart from minors lawfully employed. They fall within, and are bound

---

** This clause was contained in the 1931 Act, was deleted in the 1939 Act, and was restored in the 1945 Act.

by, the general provisions of the [Workmen's Compensation] Act." What plaintiffs now contend is that, while the employment in the *Fritsch* case was illegal because the minor had not obtained a working certificate nor had the employer requested one, in the present case the employment was illegal because of the more serious fact that the minor was put to work on a dangerous machine in violation of the statute; it is argued that this distinction was intended by the legislature to be read into the Acts of 1931 and 1939, as shown more particularly by the fact that in the latter act the additional compensation provided in the case of illegal employment was reduced to 110 percentum of the amount otherwise payable, which would seem wholly inadequate as a penalty if intended to apply where, as here, the illegality arose by reason of the employment of the minor in a dangerous and prohibited occupation. If there be any merit in this contention it is one that must be directed to the legislature. The 1931 Act, as above stated, makes the additional compensation payable "if the employe at the time of the accident is a minor, under the age of eighteen years, employed or permitted to work in violation of *any* provision of the laws of this Commonwealth relating to minors of such age." It is clear, therefore, that no distinction is made in the statutes, nor intimated in the *Fritsch* case, such as that contended for by plaintiff, any more than it was made in the decisions of this court prior to the enactment of these amendatory acts.

Plaintiffs claim that, even if the action by the minor plaintiff himself be barred, that of his parents, at least, ought to be sustained. However, as stated in *Santucci v. Frank*, 356 Pa. 54, 56, 51 A. 2d 696, 697: "In section 303 of the [Workmen's Compensation] Act it is declared that compensation agreements '. . . shall bind the employer and his personal representative, and

the employee, his or her wife or husband, widow or widower, next of kin, and other dependents.' . . . Parents are next of kin: Pettigrew v. Pettigrew, 207 Pa. 313, 319, 56 A. 878. The rights of parents rise no higher than those of their children: Delaney v. Philadelphia & Reading Coal & Iron Co., 272 Pa. 578, 581, 116 A. 537; Staggers v. Dunn-Mar Oil & Gas Co., 312 Pa. 269, 275, 167 A. 785."

The order and judgment are affirmed.