Thomas S. MORELL, a minor, by his
father and next friend, Plaintiff-
Appellant,

v.

BABCOCK AND WILCOX CO.,
Defendant-Appellee.

No. 14335.

United States Court of Appeals
Sixth Circuit.

May 31, 1961.

John Ruffalo, Youngstown, Ohio, for appellant.

John H. Ranz, of Manchester, Bennett, Powers & Ullman, Youngstown, Ohio, for appellee.

Before MILLER, Chief Judge, and WEICK and O'SULLIVAN, Circuit Judges.

O'SULLIVAN, Circuit Judge.

This is an appeal from a summary judgment for defendant. On June 6, 1958, in the State of Ohio, plaintiff, then eighteen years old, was hired by the Commercial Insulation Company, an Ohio concern. Thereafter, as an employee of such company, he was transferred to Pennsylvania where such employer was engaged in the performance of a subcontract for part of the work of installing a boiler in the plant of the Pennsylvania Power Company at West Pittsburgh. Defendant, The Babcock and Wilcox Company, itself had a subcontract for the installation of asbestos insulation on this job, and had subcontracted part of the work to a Mundet Cork Corporation, which, in turn, subcontracted this work to plaintiff's employer, Commercial Insulation Company. On June 20, 1958, plaintiff, while working for his own employer, was injured as a result of the claimed negligence of defendant, The Babcock and Wilcox Company. He then sued such defendant in a common law action for damages.

Defendant's motion for summary judgment relied on its claim that under the law of Pennsylvania, which concededly applies, plaintiff's remedy was exclusively that provided by the Pennsylvania Workmen's Compensation Act. Defendant's liability to an employee of a subcontractor was governed by such Act unless an election by it or such employee that such Act would not apply was in effect at the time of the injury. Title 77, Purdon's Pennsylvania Statutes, § 462.

Plaintiff seeks to escape the force of the above statute upon his claim that as a minor he could not make the election not to come under the Act, and that opportunity to make such election was required to be, but in this case was not, provided to his parents. Their affidavits filed in opposition to defendant's motion averred that they did not know of their son's employment in Pennsylvania. Without

such knowledge, they claim, they cannot be charged with failure to make the election which, if exercised, would have excluded the applicability of the Pennsylvania Workmen's Compensation Act and permitted this suit at common law.

Plaintiff relies on the case of Preno v. Connell Anthracite Mining Company, 3 Cir., 1924, 295 F. 667. In that case, construing Section *461* of the Pennsylvania Workmen's Compensation Act, the Third Circuit held that where the parents of a minor, employed in Pennsylvania, were without knowledge of their son's employment, their failure to give notice of an election not to have their son's employment come under the Act did not bar a common law action for injuries suffered by him in the course of his employment. Without reference to whether we agree with the conclusion of the Preno case, we find it inapplicable to the case at bar. The injured employee in that case was the direct employee of the defendant, Connell Anthracite Mining Company, and the matter of election was covered by Section *461* of the Act which contains special provisions as to the method of election in case of a minor employee. Such provisions are not contained in Section *462* which governs the fact situation here.

The Title of Section *461* recites: "Presumption of acceptance of article; *employment of minors* * * *"*. It then provides:

"In every contract of hiring * * it shall be conclusively presumed that the parties have accepted * * Article three of this act, and have agreed to be bound thereby, unless there be, at the time of the making * * * of such contract, an express statement in writing from either party to the other, that the provisions of Article three of this act are not intended to apply. * * * *In the employment of minors, Article Three shall be presumed to apply, unless the said written notice be given by or to the parent or guardian of the minor.*"

Section *462* of the Act covers the situation in the case at bar where liability is asserted by an employee of a subcontractor against a principal contractor who is not the employer of the injured employee. The title of such Section reads: "Presumption to apply to employee of employer or contractor; notice to contrary." Relevant portions of the Section are:

"* * * an employer who permits the entry upon premises occupied by him or under his control, of a laborer or an assistant hired by an employee or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to that employee or contractor, shall be conclusively presumed to have agreed to pay to such laborer or assistant compensation in accordance with the provisions of article three, unless the employer shall post in a conspicuous place upon the premises where the laborer or assistant's work is done, a notice of his intention not to pay such compensation * * *; and * * * any such laborer * * who shall enter upon premises occupied by or under control of such employer, for the purpose of doing work, shall be conclusively presumed to have agreed to accept the compensation provided in article three, in lieu of his right of action under article two, unless he shall give notice in writing to the employer, at the time of entering upon such employer's premises for the purpose of doing his work, of his intention not to accept such compensation."

It will be seen, therefore, that in Section *462*, which controls and limits the liability of a general contractor to employees of a subcontractor, there is no provision which calls for any different method of election as between minor and adult employees. The language of Section *461* providing for notice to or by the parents of a minor is omitted. The courts of Pennsylvania have held that for the purposes of the Pennsylvania Workmen's Compensation Act, minors have the same power to contract as adults. Fritsch et

al. v. Pennsylvania Golf Club, 1947, 355 Pa. 384, 50 A.2d 207; Santucci v. Frank, 1947, 356 Pa. 54, 51 A.2d 697. There having been no contrary election, an agreement to accept the benefits of the Workmen's Compensation Act was, in this case, conclusively presumed. Under Section 481 (Title 77 Purdon's Pennsylvania Statutes) such agreement bars a recovery at common law.

We affirm the judgment dismissing the complaint.