Harry **BERKOWITZ**, Guardian of the Estate of Wilson Kinch, a minor,

and

**Wilson Kinch**

v.

**PHILADELPHIA CHEWING GUM CORPORATION.**

Civ. A. No. 28849.

United States District Court
E. D. Pennsylvania.

Aug. 22, 1961.

Frank M. Jakobowski, Philadelphia, Pa., for plaintiffs.

Joseph R. Thompson, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This case is before the court on a Motion to Dismiss an Amended Complaint by the guardian of the estate of a minor against the employer of the minor for injuries incurred by the minor during the course of his employment. In paragraph 5 of the Amended Complaint, it is stated that, at the time of the employment, the minor was presumably covered by the Pennsylvania Workmen's Compensation Act. Paragraph 9 alleges that immediately following the injury the minor, by his representative, informed defendant and the Pennsylvania Department of Labor that he intended not to make a claim under the Pennsylvania Act, but rather intended to proceed against his employer under a common law theory of liability and that, having so notified his employer and the Department of Labor of his election, he thereafter brought this suit by his legally appointed guardian.

The Pennsylvania Workmen's Compensation Act provides the exclusive remedy for injuries received in the course of employment if there has been agreement to accept the provisions of the Act. 77 P.S. § 461. In the case of adult employees, there is a conclusive presumption that the Act applies unless, at the time of contracting, written notice to the contrary is given by one of the parties to the other and a copy of this notice, with proof of service, filed with the Department of Labor and Industry within ten days of such service. When minors are involved, the Act is also presumed to apply unless the notice that it is not intended to apply is given by or to the parent or guardian of the minor. 77 P.S. § 481.[1]

---

1. In Anderson v. Carnegie Steel Co., 1916, 255 Pa. 33, 39, 39 A. 215, it was held that this section is constitutional.

■■ An action in trespass can only be maintained in a Pennsylvania court when the Workmen's Compensation Act has been duly rejected in writing and the burden of proving that the Act is not applicable is on the party so asserting. Socha v. Metz, 1956, 385 Pa. 632, 638, 123 A.2d 837. A failure to plead that the Act had been duly rejected is tantamount to pleading that the parties had accepted the Act as a part of the employment contract. Hyzy v. Pittsburgh Coal Co., 1956, 384 Pa. 316, 318–319, 121 A.2d 85. The record in this case does not show that the Act had been "duly rejected."

■ This minor commenced working for the defendant on May 27, 1960, twelve days before his injury. During the entire period of employment, which included two weekends and a legal holiday, he lived with his parents. The minor testified in a deposition taken on May 19, 1961 (Document No. 11), that he believes he informed his parents when he applied for a job with defendant and that he informed them before he started to work that he had been hired (N.T. 5–6).[2] The parents admit that they knew of his employment the day he started working (N.T. 45, 63). On his first night as defendant's employee, the minor's work consisted of cutting the gum after it came out of cooking vats and taking it on a cart from one room to another (N.T. 4). His mother was aware of this work the first night (N.T. 48) and his father on the following morning (N.T. 63). From the second night of his employment (May 31, 1960) until the night of the accident

(July 8, 1960), the minor worked around the machinery in defendant's factory, but states that he does not believe he told his parents of this work (N.T. 37). The parents disclaim knowledge of his working around the machinery (N.T. 47, 68).

No notice of intention not to be bound by the Pennsylvania Workmen's Compensation Act was given to the employer or to the Pennsylvania Department of Labor and Industry prior to the injury. On July 26, 1960, sixty days after Wilson Kinch's employment commenced and 48 days after the injury, plaintiff's attorney wrote to defendant and stated that Mr. and Mrs. Kinch desired not to have their son take compensation under the Act but, rather, chose to pursue their claim under the theory of common law liability.[3] An alleged notice of election not to be bound by the Act was sent by plaintiff's attorney to the Pennsylvania Department of Labor and Industry on October 31, 1960.[4] This notice was not sent within the time specified in 77 P.S. § 461.

■■ The Pennsylvania Workmen's Compensation Act is humanitarian in purpose[5] and is given a liberal construction by the courts.[6] However, the provisions of the Act cannot be extended nor can rights and duties not given or imposed by the Act or by necessary implication therefrom be created by judicial construction.[7] The Act states that in the case of adults, a "conclusive presumption" that the parties intended to be bound by the Act exists unless notice is given as directed in the Act.[8] It has been stated many times that, unless the

---

**2.** At another portion of the deposition, however, he stated that he thought he had told his mother about the employment before he started working but could not remember if his father knew about it before he commenced working (N. T. 9).

**3.** See Exhibit A to Document No. 4 in the Clerk's file. Note that plaintiff's attorney had written to defendant prior to July 26, 1960, giving notice of his representation, and had apparently given no notice of election not to be bound by the Act.

**4.** See Exhibit B to Document No. 4 in the Clerk's file.

**5.** Billo v. Allegheny Steel Company, 1937, 328 Pa. 97, 106, 195 A. 110.

**6.** Welsch v. Pittsburgh Terminal Coal Corp., 1931, 303 Pa. 405, 407–408, 154 A. 716.

**7.** 1 Skinner, Pennsylvania Workmen's Compensation Law, 4th Ed., p. 6 of 1960 Pocket Part Supplement.

**8.** A "conclusive presumption" is in reality another name for "substantive rule of law." Cf. Roberts, Study of Presumptions, 4 Vill.L.Rev. 1 (1958), and 2 Henry, Pa.Evidence, 4th Ed., 1953.

statutory method of rejecting the Act is followed, the Act applies.[9] A plaintiff, to avoid the effect of the presumption, must affirmatively set forth facts which show that he is not within the Act. See 1 Skinner, Pennsylvania Workmen's Compensation Laws, 4th Ed., p. 50.

In the case of a minor, the presumption that the Act applies unless notice of election not to be bound is given by his parents is not conclusive. 77 P.S. § 481. However, the Pennsylvania courts have made clear that there is a strong public policy behind this presumption. Cf. Fritsch et al. v. Pennsylvania Golf Club, 1947, 355 Pa. 384, 50 A.2d 207; Lengyel v. Bohrer, 1953, 372 Pa. 531, 536, 94 A.2d 753; Zeitz v. Zurich, etc., Insurance Co., 1949, 165 Pa.Super. 295, 67 A.2d 742. In the Fritsch case, supra, the court said at page 388 of 355 Pa., at page 208 of 50 A.2d:

> "The conclusion is inescapable that illegally employed minors are not, with the single exception of the amount recoverable in the case of injury or death, to be placed in a category separate and apart from minors lawfully employed. They fall within, and are bound by, the general provisions of the Act."

In Preno v. Connell Mining Anthracite Co., 3 Cir., 1924, 295 F. 667, it was held that a minor was not "conclusively presumed" to have accepted the Act, that that right is vested in the parents and, if they had no knowledge of the child's employment and no opportunity to make an election, their right to maintain a suit at law was not waived. Even if this case is good law today in the face of the amendments to the Act which have been enacted since it was decided,[10] the record in this case shows that the facts here do not bring the instant case under the holding in the Preno case, supra. In both the Preno case, supra, and Standard Oil Co. of Louisiana v. Parham, 5 Cir., 1922, 279 F. 945, certiorari denied 1922, 260 U. S. 733, 43 S.Ct. 94, 67 L.Ed. 487, the minor was living apart from the parents and the injury occurred almost immediately after employment. The peculiar facts of these cases take them out of the generally uniform holding in cases involving statutes similar to the Pennsylvania Act that an election not to be bound must always be made prior to the injury. See 99 C.J.S. Workmen's Compensation § 127, pp. 438, 439. The record in this case shows knowledge of the employment by the parents and opportunity to give notice that the minor was not to be bound. Also the parents in this case did not file the copy of the written notice of intent not to be bound required by the Act upon the Commonwealth within ten days, as required by 77 P.S. § 461.

It has been the policy of the courts of Pennsylvania to uphold the applicability of the Pennsylvania Workmen's Compensation Act whenever possible.[11] Under the foregoing Pennsylvania appellate court cases, this record requires that this action be dismissed.

It is also noted that the minor's name was improperly included in the caption in view of lack of diversity of citizenship as to him.

9. See, e. g., 1 Skinner, Pennsylvania Workmen's Compensation Law, 4th Ed., p. 46.

10. By the amendments of 1931, 1937 and 1939, the Act appears to recognize the minor's legal capacity to enter into a contract for the payment of compensation. Also, note § 320(g) of the Act, which states that the Act applies even in the case of an illegally employed minor. See Lengyel v. Bohrer, 1953, 372 Pa. 531, 535–536, 94 A.2d 753, and Fritsch v. Pennsylvania Golf Club, 1947, 355 Pa. 384, 388, 50 A.2d 207.

11. See, e. g., Socha v. Metz, 1956, 385 Pa. 632, 123 A.2d 837; Fritsch v. Pennsylvania Golf Club, 1947, 355 Pa. 384, 50 A.2d 207.