Harry BERKOWITZ, Guardian of the Estate of Wilson Kinch, a Minor, Appellant,

v.

PHILADELPHIA CHEWING GUM CORPORATION.

No. 14197.

United States Court of Appeals Third Circuit.

Submitted on Briefs April 1, 1963.

Decided April 23, 1963.

Frank M. Jakobowski, Philadelphia, Pa., for appellant.

David L. Pennington, and Joseph R. Thompson, Philadelphia, Pa. (Joseph R. Thompson, Philadelphia, Pa., on the brief), for defendant-appellee.

Before BIGGS, Chief Judge, and Mc-LAUGHLIN and STALEY, Circuit Judges.

PER CURIAM.

This case was before us on a prior occasion and the judgment rendered in favor of Philadelphia Chewing Gum Corporation was then vacated to the end that certain jurisdictional issues might be decided upon remand. See 303 F.2d 585 (3 Cir., 1962) and 198 F.Supp. 351 (D.C. E.D.Pa.1961). Following the remand on June 4, 1962, a general guardian for the estate of the minor was appointed by the Orphans' Court of Delaware County, thus correcting the jurisdictional defect pointed out in our opinion. Passing by the issue of the apparent misjoinder of the minor as a plaintiff, as we do here, the court below then found again the reasons stated in its memorandum of August 22, 1961 to be valid and dismissed the complaint. The court below filed a memorandum opinion in respect to this issue on September 14, 1962, which is unreported.

■■ Since this is a diversity case the law of Pennsylvania governs and the court below did not err in applying that law. The evidence in this case is undisputed that the parents of the minor had knowledge of his employment and that they had ample opportunity to give notice to the employer that the minor would not be bound by the provisions of the Pennsylvania Workmen's Compensation Laws but that they failed to give such notice until after the accident. See

Preno v. Connell Mining Anthracite Co., 295 F. 667 (C.C.A.3, 1924). See also 77 P.S. §§ 461 and 481.

Since we can find no error in the proceedings the judgment of the court below will be affirmed.