**Margaret K. FLANAGAN, Administratrix of the Estate of Francis X. Flanagan, Deceased, Appellant,**

v.

**ETHYL CORPORATION, Atlantic Richfield Company and Atlantic Refining Company.**

**No. 16760.**

United States Court of Appeals
Third Circuit.

Argued Dec. 22, 1967.

Decided Feb. 6, 1968.

———◆———

Kenneth Syken, Richter, Lord, Cavanaugh, McCarty & Raynes, Philadelphia, Pa. (B. Nathaniel Richter, Philadelphia, Pa., on the brief), for appellant.

Peter P. Liebert, III, Liebert, Harvey, Bechtle, Herting & Short, Philadelphia, Pa. (James Lewis Griffith, Philadelphia, Pa., on the brief), for appellees.

Before BIGGS, McLAUGHLIN and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

On November 24, 1965, appellant's deceased was fatally injured out of and in the course of his employment with Atlantic Richfield Company. The latter had formerly been named Atlantic Refining Company. The deceased, working at defendant's Philadelphia refinery plant, was filling a tank truck with oil when an explosion occurred which caused his death. Thereafter the widow and defendant made an agreement under the Pennsylvania Workmen's Compensation laws whereby the widow and children of the deceased have been and are being paid the benefits provided for by said laws. Sometime later the widow brought this suit for decedent's survivors and on behalf of the estate of the deceased. Plaintiff's theory of the action is that deceased's employment was ultra-hazardous and therefore outside the Compensation Act. Defendant moved for summary judgment on the ground that plaintiff's exclusive remedy was within the Compensation Act. The District Court granted summary judgment.

As we see it, that judgment was clearly right. Plaintiff's contention that the occupation involved was ultra-hazardous as stated in the complaint is accepted by the employer for the purpose of the summary judgment motion. Appellees note however that in the type of activity before us there is no Pennsylvania decision imposing strict liability on such an operation and that there must be proof of negligence. Moidel v. Peoples Natural Gas Co., 397 Pa. 212, 154 A.2d 399 (1959); Pryor v. Chambersburg Oil & Gas Co., 376 Pa. 521, 103 A.2d 425 (1954). We need not pursue that phase of the case further at this time. Section 301(c) of the Act specifically excludes certain categories of injuries. Ultra-hazardous injuries are not among the exclusions. The Section then continues, saying "but shall include all other injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, * * * and shall include all injuries caused by the condition of the premises or by the operation of the employer's business * * *." See Berkowitz v. Philadelphia Chewing Gum Corporation, 198 F.Supp. 351 (E.D.Pa.1961).

Appellant, pursuing the thought of ultra-hazardous employment injury not being an accident, cites Readinger v. Gottschall, 201 Pa.Super. 134, 191 A.2d 694 (1963) as supporting the premise. There plaintiff employee was deliberately assaulted by her employer. The Court held that the Compensation Act was no barrier to plaintiff's right to recover in trespass for the assault. We find no help to appellant in that opinion. Nor is there any assistance to appellant in Restatement's view of ultra-hazardous activity as involving "a risk of serious harm * * * which cannot be eliminated by the exercise of utmost care,

*and* (b) is not a matter of common usage." (Emphasis supplied). Section 520 Restatement Torts. It is certain that the deceased's work was not designed to produce the explosion. There was a possibility but certainly no expectation of that sort of event occurring in the work in which deceased was engaged which is common usage practice of oil refineries and the like.

The judgment of the District Court will be affirmed.