## Taylor v. Carbon Limestone Company

*Donald R. McKay,* for plaintiff.
*Anna Belle Jones,* for defendant.

STRANAHAN, P. J., April 24, 1970.—This matter is before the court on a preliminary objection in the nature of a demurrer filed by defendant in response to an amended complaint in trespass.

Taking the allegations of plaintiff's complaint in trespass in a light most favorable to plaintiff, which the court must do under this proceeding, it appears that William W. Taylor, the administrator of the estate of his son, Wayne Richard Taylor, a minor, has commenced a wrongful death and survival action to recover for the death of his son, who was killed on June 27, 1969.

The son, Wayne Richard Taylor, is referred to in this opinion as "the minor" since he was 16 years of age at the time of his death.

The minor was employed by defendant who manufactured cement blocks, and, as a part of the employment on the day on which the minor was killed, he was required to climb to the top of a material bin and to check it and maintain the operation of the chute at the end of the hoisting machine, which was on a narrow unguarded frame approximately 40 feet in the air.

While engaged in this work, the minor disappeared into the material bin and suffocated. At the time of his death, the minor was employed in violation of the child labor laws of the Commonwealth of Pennsylvania, in that he was permitted to work in the operation or management of a hoisting machine.

The administrator has commenced a suit in trespass, alleging that the minor's death was caused by the negligence of defendant, Carbon Limestone Company, and that this negligence consisted, in addition to employing a minor in violation of the child labor laws, of permitting the minor to do dangerous work and failing to provide the minor with a safe place to work, or to instruct and warn the minor as to how the work could be performed in safety. To this complaint, defendant has filed a preliminary objection in the nature of a demurrer for the reason that plaintiff's claim comes under the workmen's compensation laws of the Commonwealth of Pennsylvania, and that the administrator has no authority to commence a suit in trespass.

It is plaintiff's position that since there is a minor involved and since the minor's employment was both illegal and dangerous, his parents had not waived the right to not have the Workmen's Compensation Act apply, and that the administrator, as parent of the deceased minor, had the right upon the death of the

minor to give written notice of the desire not to accept the provisions of the Workmen's Compensation Act.

It is further contended by plaintiff that the filing of the suit is notice of the desire on the part of plaintiff not to come under the terms of the Workmen's Compensation Act, but rather to proceed under the common-law right of suit in trespass.

The basis of this contention is Preno v. Connell Anthracite Mining Co., 295 F. 667. Plaintiff also relies on Preno v. Connell Anthracite Mining Co., supra, to support his contention that since the parents rather than the minor must waive the right to not accept the Workmen's Compensation Act of June 21, 1939, P. L. 520, under 77 PS §461, it cannot be expected of them that they waive such right if they don't know what they are waiving, since they were not aware that the minor was required to do dangerous work.

Plaintiff also cites the case of John Schick, Administrator of the Estate of Joseph Schick, deceased, v. Ford Motor Company, a civil action, brought in the United States District Court for the Eastern District of Pennsylvania, at no. 38540. This opinion is unpublished at the present time, but a copy of it was made available to this court. Plaintiff also points out the case of Ovecka v. Charles, 36 D. & C. 2d 613, which is a Philadelphia County case.

In the Ovecka case, a 14-year-old boy was unlawfully employed to operate dangerous power machinery and was severely injured in the course of employment when his right hand became entangled in the machinery. His parents sued his employer in trespass, and, as in the present case, defendant employer, by a preliminary objection raised the Pennsylvania Workmen's Compensation Act as a bar to the action.

The court held that parents could waive the provisions of the act by giving proper written notice and

that the filing of the trespass action itself constituted a waiver, and further that the act could not be used to deprive the parents of their right to sue at common law for compensation for their minor son's injury while dangerously employed.

In disposing of the problem before the court, there are a number of basic rules which should form the foundation of this court's opinion.

The first rule is that the Workmen's Compensation Act is a good piece of legislation and since its enactment has done much to bring about the humane treatment of employes who sustain injuries in the course of their employment.

It is this court's opinion that it would be a bad policy if the Pennsylvania courts would now start a trend of looking for methods of permitting injured employes to go back to the common-law method for recovery, thereby circumventing the Workmen's Compensation Act, which really is a piece of legislation designed to benefit such workmen.

As plaintiff's counsel pointed out during the argument, the reason that he desires to get this case outside the scope of workmen's compensation is to permit plaintiff to make a larger recovery than he normally would under the Workmen's Compensation Act. To apply this philosophy would be a dangerous thing because the court should follow the law in a case even though the result may not be as gratifying as it could possibly be if the court in its effort to aid an injured party applies a strained interpretation of the law.

The final rule that should be applied is that the Workmen's Compensation Act is remedial, and should receive a liberal construction: Fritsch v. Pennsylvania Golf Club, 355 Pa. 384, page 388.

It is this court's opinion that a minor who is illegally employed or who is legally employed, but required to do illegal acts is intended to come under the scope of the

Workmen's Compensation Act, to the same extent as an adult. For example, 77 PS §672(a) is a section aimed at covering a situation where the employe at the time of the accident is a minor and is employed or permitted to work in violation of the law. If such a minor is injured under these circumstances, he is to receive compensation at the rate of 150 percent of the amount that would be payable to such minor if legally employed.

It seems obvious to this court that this section is designed to penalize the employer, who must pay the additional amount out of his pocket, and, therefore, to discourage the employer from participating in this type of activity. The purpose of this section is to keep minors under the protection of the Workmen's Compensation Act.

It further appears to this court that 77 PS §461, which provides, in part, ". . . In the employment of minors, article three shall be presumed to apply, unless the said written notice be given by or to the parent or guardian of the minor . . ." is a clear indication by the legislature that minors are to come under the provisions of this act unless the parent or guardian designate otherwise. There is no indication in this section of the act that the parent or guardian is given the right to elect his remedy after the accident.

In Lengyel v. Bohrer, 372 Pa. 531, the factual situation is quite similar to the present case, and the Supreme Court of Pennsylvania held that where a minor under the age of 16 is employed in violation of the provisions of the Child Labor Act, his parent cannot assert an action in trespass against the child's employer for personal injury received during the course of his employment, even though the employment was illegal by reason of the dangerous nature of the work permitted, where neither he nor the employer

had elected not to be bound by the provisions of article III of the Workmen's Compensation Act.

While the question of when the parent must indicate his choice not to be covered by the act was not discussed, the court held that there is no distinction to be made between cases where the illegality of the employment arose by reason of the dangerous nature of the work permitted to the minor, and those cases where the violation was merely the failure of the employer to procure an employment certificate or to post the names of the minors employed.

In Fritsch v. Pennsylvania Golf Club, supra, the court stated, page 389:

"There has been no indication, expressed or implied, of a legislative intent to provide either alternative or concurrent remedies in the case of injury to, or death of, illegally employed minors. An action at law can be maintained only when pursuant to provisions of section 302(a) either party has duly rejected the Act by the required written notice given by or to the parent or guardian of the minor."

The court further states, page 388:

". . . The conclusion is inescapable that illegally employed minors are not, with the single exception of the amount recoverable in the case of injury or death, to be placed in a category separate and apart from minors lawfully employed. They fall within, and are bound by, the general provisions of the Act."

In Evans v. Allentown Portland Cement Company, 433 Pa. 595 (1969), the court, in discussing the rights of illegally employed minors, states, page 598:

". . . The amendment of 1945 provided that if minors, like adults, did not elect not to be bound by these workmen's compensation provisions, they would be so bound and waived all other rights of action. . . ."

Fritsch v. Pennsylvania Golf Club, supra, is consistent and holds that the intent of the legislature is to include minors under the same procedural rules as adults.

Reviewing these cases which are the most recent pronouncement by our Supreme Court, the law is that minors are to be treated like adults under the Workmen's Compensation Act, except that the award may be greater if the minor is illegally employed.

There is nothing in the cases that would indicate the right of a parent to claim that, since he did not know what type of work the minor was performing, he, therefore, could not know whether to waive application of the act. To follow this line of reasoning seems to require forced logic which defeats the overall purpose of the Workmen's Compensation Act.

We further believe that if such a change is to be made in the application of the act, it would, in substance, restore the rights of minors under certain circumstances to resort to the remedies provided by the common law, which is such a drastic change that the appellate courts of the Commonwealth should set the policy rather than a common pleas court. It is the purpose of this court to follow the law as it has been set forth by the higher courts of Pennsylvania, and not to make drastic changes merely because there is some appeal in the interests of justice in allowing such a change. If the Supreme Court of Pennsylvania or the legislature wishes to change the law that is their prerogative, and this court will follow it, but the present case does not warrant this court taking as drastic action as plaintiff asks it to take.

ORDER

And now, April 24, 1970, the preliminary objection in the nature of a demurrer is sustained.