**Taylor, Jr. v. Brinker**

*Mark B. Weber*, for plaintiffs.

*R. D. Harburg*, for defendants.

MOUNTENAY, J., January 3, 1974.—This matter comes before the court on defendant's motion for judgment on the pleadings. Plaintiffs are William Taylor, Jr., a minor, and his parents, both as guardians and in their own right. It is alleged that said minor, aged 13 at the time, was employed as a farm hand on defendant's farm; that unbeknown to his parents, the job was of a dangerous nature; that due to defendant's negligence and carelessness a ledge upon which plaintiff was working cracked and plaintiff fell into an auger, resulting in serious injuries. Thereafter, plaintiffs filed this action.

On defendant's motion for judgment on the pleadings, a plaintiff is entitled to the benefit of all matters properly averred and the reasonable inferences therefrom: Blumer v. Dorfman, 447 Pa. 131 (1972). The court may not act in any way as an arbiter of facts but must simply peruse the record to determine whether plaintiff, if he proved all he alleged, could establish a right of recovery: Bogojavlensky v. Logan, 181 Pa. Superior Ct. 312 (1956). In this respect, we are governed by much the same standards as would apply on a demurrer: Engel v. Parkway Company, 439 Pa. 559 (1970); Goldman v. McShain, 432 Pa. 61 (1968). Therefore, we must accept as true, for the purposes of this motion, that the work plaintiff-minor performed was dangerous in nature and further that his parents were not aware of its dangerous nature.* Accordingly,

---

* Defendant's motion challenges the jurisdiction of this court. It is defendant's contention that plaintiffs' sole remedy is under the Workmen's Compensation Act, since plaintiff-minor was injured while engaged in employment and plaintiff-parents had not filed the required statutory notice waiving the benefits and jurisdiction

the issue before us is whether parents who know that their minor child is employed but are not aware of the nature of his employment can waive their rights under the Workmen's Compensation Act by bringing suit or whether they are limited to the method of waiver prescribed by the act itself.

Section 302(a) of the Workmen's Compensation Act of Jun 2, 1915, P. L. 736, as amended, 77 PS §461, reads, in part, as follows:

"it shall be conclusively presumed that the parties have accepted the provisions of Article three of this act, and have agreed to be bound thereby, unless there be, at the time of making . . . contract [of hire], an express statement in writing, from either party to the other that the provisions of article three of the act are not intended to apply . . . In the employment of minors, article three shall be presumed to apply, unless the said written notice be given by or to the parent or guardian of the minor."

It is conceded that plaintiffs have not complied with this provision. They contend, however, that, in their situation, said provision is of no moment.

It is settled law in Pennsylvania that where the parents of a minor are unaware that their child is employed, the statutory scheme for waiver is inapplicable and that an effective waiver of the benefits of the Workmen's Compensation Act may be made by the initiation of a suit in a court of law rather than to resort to the Workmen's Compensation Board: Preno v. Connell Anthracite Mining Co., 295 F. 667 (3d Cir., 1924).

Plaintiffs urge, however, that we proceed one step

of the Workmen's Compensation Act. Plaintiffs argue that where a minor's parents do not know of the dangerous nature of the minor's employment, the initiation of suit is sufficient waiver. This, of course, begs the question.

beyond the parameters of the Preno decision, at which point the current State of Pennsylvania law becomes obscure. There are two lower court cases on the subject. In Ovecka v. Charles, 36 D. & C. 2d 613 (C. P. Phila., 1965), the court, relying largely upon Preno, took the position which plaintiffs urge upon this court, viz., that the Preno doctrine should be extended to cases where the parents are unaware of the *nature* of the minor's employment. In Taylor v. Carbon Limestone Company, 50 D. & C. 2d 67 (C. P. Mercer, 1970), the court reached the opposite result in a situation virtually indistinguishable from either Ovecka or the case at bar.

Since we can find no clear precedent to guide us in this matter, we feel that the issue must be resolved as a matter of statutory interpretation in light of the overall purpose of the Workmen's Compensation Act. On that basis, we feel that defendant's motion is well taken.

It is clear that in fashioning the Workmen's Compensation Act and similar legislation, e.g., the Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, 77 PS §1201, et seq., the legislature intended the act to be for the benefit of the employes and their dependents: Dupree v. Barney, 193 Pa. Superior Ct. 331 (1960); Hale v. Savage Fire Brick Co., 75 Pa. Superior Ct. 454 (1921). It was and still is intended to provide a method of swift and inexpensive recovery and to alleviate some of the harshness of the traditional common law principles of tort law: Jester v. Electric Power Construction Co., 113 Pa. Superior Ct. 177 (1934). Likewise our courts have held that since the act is remedial, it should be liberally construed: Fritsch v. Pennsylvania Golf Club, 355 Pa. 384 (1947); Nemitz v. Air Services International, 7 Comm. Ct. 372 (1972). Therefore, the courts have held that in ruling upon exceptions to the act, its remedial aspects should

be considered paramount so as to bring within its ambit all those who arguably are to be benefited thereby. As stated in Wall v. Conn Welding & Machine Co., 197 Pa. Superior Ct. 360, 367 (1962):

"The workmen's compensation law being remedial legislation must be liberally construed and borderline interpretations resolved in favor of those it intended to benefit."

See also Muir v. Wilson Coal Company, 194 Pa. Superior Ct. 487 (1961).

We are not unmindful of the fact that the rule of Preno v. Connell Anthracite Mining Co., supra, in itself creates an exception to the statutory scheme, by which exception the broad coverage provisions of the act are narrowed. But the Preno exception is necessary to maintain the validity of the acceptance and rejection provisions of section 302(a), 77 PS §461. But to extend that exception to embrace the factual situation presently before us would run counter to the policy of the act. Certainly, one should not be *encouraged* to reject the provisions of the act, otherwise, an express written rejection would not be required and doubtful situations should be resolved in favor of coverage rather than exclusion. Moreover, as pointed out in Taylor v. Carbon Limestone Company, supra, where the legislature felt the need to make special provisions to protect the interests of minors, such legislation was enacted. When no special provisions were made, the courts have generally held minors to the same rules and standards as others within the act: Evans v. Allentown Portland Cement Co., 433 Pa. 595 (1969); Lengyel v. Bohrer, 372 Pa. 531 (1953); Fritsch v. Pennsylvania Golf Club, supra.

Furthermore, to extend the exception of Preno would be to create a gray area wherein the boundary between acceptance and nonacceptance would be ill-defined. What constitutes hazardous employment?

Just how much would a parent have to know about his minor child's job in order to be chargeable with knowledge that the employment was of a dangerous nature? After becoming aware of the hazardous nature of the employment, how soon would a parent be required to give the written notice contemplated by section 302(a)? Other things being equal, such uncertainties should be avoided.

Finally, we believe that where parents are aware that their minor child is employed, it should be their duty to inquire and investigate the nature of that employment. They should not be permitted to stand idly by and then, when injuries are sustained, "waive" the benefits of the act when it becomes clear from the nature of the injury that a recovery at law might be more profitable than to accept the benefits of the act. To permit such an exception would be to reward inattentiveness and inaction and would carve out a favored class which the legislature never contemplated. We believe, therefore, that the rule of Preno v. Connell Anthracite Mining Co., supra, should be limited to the narrow exception delineated therein and should be extended no further.

### ORDER

And now, January 3, 1974, defendant's motion for a judgment on the pleadings is granted.