## Taylor, Jr. v. Brinker

*Mark B. Weber*, for plaintiffs.
*R. D. Harburg*, for defendant.

MOUNTENAY, *J.*, January 21, 1975—Plaintiffs

have appealed our denial of their petition to amend their complaint following the entry of judgment on the pleadings in favor of defendant. Inasmuch as we have filed an opinion[1] in support of the entry of judgment on the pleadings, we do not feel that it is necessary to repeat here what was said in that opinion. Briefly, however, the original complaint set forth that the minor plaintiff, with the knowledge and consent of his parents, took employment with defendant as a farmhand; that the parents were unaware of the fact that the employment was hazardous; and that due to defendant's negligence, the minor plaintiff caught his foot in certain farm machinery and was thereby injured. Defendant challenged the jurisdiction of the court, contending that plaintiffs' sole remedy was under the Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§1, et seq. and, accordingly, moved for judgment on the pleadings. Inasmuch as plaintiff-parents had neither filed the written waiver of the application of the act, supra, as required by section 302(a) thereof, 77 P.S. §461, nor came within the exception of Preno v. Connell Anthracite Mining Co., 295 Fed. 667 (3rd Cir., 1924), we held that the act applied and that plaintiffs did not have a remedy in the Court of Common Pleas. As previously stated, the basis for this holding was explained at length in the aforementioned opinion, dated January 3, 1974.

On January 24, 1974, plaintiffs filed a petition for rule to show cause why their complaint should not be amended.[2] The nature of the proposed amend-

---

1. See Taylor, Jr., et al. v. Brinker, 25 Bucks 42 (1974).

2. We did not specifically give plaintiffs leave to amend by the January 3, 1974, order. The reason for this was simply that it appeared to us that plaintiffs had no basis for amending. We

ment was to supplement the previous allegation that the parents had no knowledge as to the hazardous nature of their son's employment by a further averment to the effect that defendant had specifically assured the father that the minor would not be permitted to work around dangerous equipment. We denied plaintiffs' application to amend because we were, and are, of the opinion that the proposed amendment does not really change the character of the original complaint and that our opinion of January 3, 1974, would apply with like force to the amended complaint as to the original complaint.

We stated in our previous opinion that we believed that the holding in Preno v. Connell Anthracite Mining Co., supra, should not be extended beyond its own facts. The provisions of the Workmen's Compensation Act were designed to work to the benefit and not to the detriment of employes, and, therefore, any doubts with respect to coverage should be resolved in favor of coverage and against waiver. The fact that it appears from hindsight in a particular instance that a waiver of the provisions of the act might have been more advantageous to the employe than an acceptance of the benefits of the act should not be permitted to change the salutary rule favoring coverage in doubtful situations.

It appears that the proposed amendment to the complaint might have been suggested by certain language contained in the last paragraph of our January 3, 1974 opinion. We observe that this language was simply a makeweight commentary and in nowise purported to control the disposition of the matter.

do believe, however, that plaintiffs should be given the opportunity to amend, if they are able, to meet defendant's objections.

For the above reasons, together with those set forth in our January 3, 1974 opinion, plaintiffs' petition to amend their complaint was denied.