591 A.2d 338

MEDICAL COLLEGE OF PENNSYLVANIA, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (CARSON CONCRETE CORP. and Pennsylvania Manufacturers Assoc.), Respondents.

Commonwealth Court of Pennsylvania.

Argued March 8, 1991.

Decided May 10, 1991.

Kenneth F. DeMarco, Philadelphia, for petitioner.

Anthony J. Bilotti, Broomall, for respondents.

Before COLINS and SMITH, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Medical College of Pennsylvania, Petitioner, a medical services provider, appeals here a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a decision of a referee denying Petitioner's claim under The Pennsylvania Workmen's Compensation Law, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031 (Act), on the basis of lack of standing of such a supplier of medical services to proceed on its own petition under the Act. We affirm.

The facts in the instant case are unique and provide a jurisdictional issue and set of circumstances which have not been precisely ruled upon in any case known to this writer and none has been provided by counsel in their briefs.

In this proceeding, no hearing has been held and, therefore, we are without a record.[1] The case arises upon a petition designated Reimbursement of Medical Expenses. In it, the claim is for reimbursement for medical care provided to Raphael Stukes, Deceased, who met his death on December 25, 1987, allegedly from injuries suffered on November 20, 1987, while in the employ of Carson Concrete

---

1. The referee's decision contains the following:

   The Medical College of Pennsylvania filed the herein petition in an effort to be reimbursed for medical bills that the Claimant, Rappael [sic] Stukes, incurred allegedly related to a work injury. The parties agreed that the issue of standing be ruled on and based on this ruling, the matter would or would not be heard on the merits. Under the Workmen's Compensation Act as amended, the Claimant, Medical College of Pennsylvania, does not have standing to permit this matter to be heard on the merits. Referee's Second Conclusion of Law, RR–26.

Corporation (Employer). Pennsylvania Manufacturer's Association (PMA), Employer's workmen's compensation insurer, is also named as a respondent. Petitioner asserts that, since Stukes fell in the course of his employment, suffering injuries which occasioned his admission and hospitalization with hospital bills incurred by Stukes in the amount of $144,651.12; and since Stukes died during this hospitalization leaving no dependents, and neither Employer nor its insurer, PMA, acknowledged liability before the death of Stukes, nor thereafter, that there is no employee, dependent, or other person authorized in the Act to file a claim in which Petitioner's reimbursement could be claimed. Petitioner has apparently also brought suit at common law for the amount claimed here in the Common Pleas Court of Philadelphia.

■ It goes without saying that, since the workmen's compensation system is created entirely by the Legislature, only those rights and claims created therein may be litigated in that system; and, although Petitioner urges upon us that the Act must be liberally construed, this is only true for those who are given the right to claim under the Act, since rights created by the statutory system may not be extended by judicial construction.

Thus, in *Fritsch v. Pennsylvania Golf Club*, 355 Pa. 384, 388, 50 A.2d 207, 208 (1947), our Supreme Court stated:

The Workmen's Compensation Act must be considered as an entirety; each section thereof must be read and construed in conjunction with the others, not as a separate law unto itself. The Act is remedial, and should receive a liberal construction: *Ginther v. J.P. Graham Transfer Co.*, 348 Pa. 60, 33 A.2d 923 [(1943)]. *The provisions thereof cannot, however, be extended. Nor can rights and duties not given or imposed by the terms of the Act, or by necessary implication therefore, be created by judicial construction.* (Emphasis added.)

■ Petitioner, while admitting lack of a statutorily authorized claimant under the Act, maintains that since the

Act makes the employer and its insurer responsible for the payment of medical bills incurred by an employee due to work-related injuries, Sections 306(f)(1) and 306(f)(4) [2] of the Act, 77 P.S. §§ 531(1) and 531(4), respectively, may authorize a claim by it, the medical provider, and such a claim may be proceeded with under the Act, despite the fact that there is no statutorily authorized claimant. In support of this position, Petitioner asserts that it has standing to pursue its own claim in the Workmen's Compensation System because the Act requires it to provide the services. We must disagree.

It is clear that there is no provision in the Act providing for a separate right to proceed under the Act by a medical services provider, since the Act authorizes process of claims only by an employee or his dependents. Section 410 of the Act, 77 P.S. § 751, states:

> If, after any injury, the employer or his insurer and the employe or his dependent, concerned in any injury, shall fail to agree upon the facts thereof or the compensation due under this act, *the employe or his dependents* may present a claim petition for compensation to the department. (Emphasis added.)

Also, Section 401.1, 77 P.S. § 710, provides as pertinent here:

> In any case in which compensation has not been timely paid, or in which notice of denial of compensation has been given, the department shall hear and determine all claim petitions for compensation filed by *employes or their dependents.* (Emphasis added.)

It is true, of course, that the Act places the responsibility on the employer or its insurer to provide medical and

---

**2.** Section 306(f)(1) of the Act provides in pertinent part:
   The employer shall provide payment for reasonable surgical and medical services, services rendered by duly licensed practitioners of the healing arts, medicines and supplies, as and when needed: ...
Section 306(f)(4) provides in pertinent part:
   In addition to the above service, the employer shall provide payment for medicines and supplies, hospital treatment, services and supplies and orthopedic appliances, and prosthesis.

hospital services. *See* relevant provisions of Sections 306(f)(1) and 306(f)(4), quoted above in Footnote 2.

Having studied with care the briefs of Petitioner and PMA, however, we are constrained to hold that Petitioner, medical services provider, simply has no standing in the workmen's compensation forum to make a claim on its own where there is no subsisting liability or proceeding established on behalf of the injured man or his dependents. While we see a similarity between the claim of Petitioner here and that of a claimant who is not an employee or a dependent of an employee, on the basis of a third-party beneficiary theory, such a contention has been rejected by this Court in the case of *Reynolds v. Reihart,* 47 Pa.Commonwealth Ct. 602, 606, 408 A.2d 897, 899 (1979), where we stated:

Claimant also argues that he is entitled to benefits as a third-party beneficiary of a workmen's compensation insurance policy maintained by defendant for his jockeys. This argument is without merit for, in light of the referee's finding that claimant is not an employee within the meaning of the Act, both the referee and the Board are without jurisdiction to decide what is essentially a private contract claim. See *Thompson v. Parke,* 131 Pa.Superior Ct. 81, 198 A. 819 (1938).

In affirming the referee's ruling that Petitioner lacks standing on its claim here, Commissioner Urling for the Board, stated:

The emotional context in which this Review Petition has been filed is provocative. However, a strict review of Section 410 of the Act coupled with a respect for the public policy aspects of the Act, persuade us to support the Decision of the Referee and deny the Medical College of Pennsylvania reimbursement for medical expenses incurred on behalf of an injured person who has not filed claim.

We find no merit in any of the other contentions presented by Petitioner, but hold that there is no statutory or other basis for the compensation authorities to exercise jurisdic-

tion to consider, entertain, process or decide the claim of a medical services provider where it alone is the claimant.

Accordingly, we will affirm.

## ORDER

NOW, May 10, 1991, the order of the Workmen's Compensation Appeal Board, dated April 30, 1990, as of No. A89–1771, is hereby affirmed.