## Ovecka v. Charles

*Halbert and Kanter*, for plaintiffs.

*Liebert, Harvey, Herting and Short*, for defendant.

GOLD, P. J., March 8, 1965. — This proceeding arises from preliminary objections, filed by defendant, to plaintiff's complaint in trespass. Plaintiff is a lad who in June of 1963 was 14 years old, employed by defendant and not required to work with any power machinery. In August of 1963, plaintiff was unlawfully assigned to operate certain dangerous power machinery and subsequent thereto was severely injured in the course of his employment when his right hand became entangled in the machinery.

Defendant raised the following preliminary objections:

1. Under the Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended June 21, 1939, P. L. 520, sec. 1, 77 PS §1, jurisdiction over the subject matter of such an action is vested exclusively as provided by the terms of the act.

2. The complaint contains no allegations that the provisions of article III of the act were rejected by the parties in accordance with section 302(b) of said act.

3. The court has no jurisdiction over the subject matter of the action.

Both parties cite section 302(a) of The Workmen's Compensation Act, 77 PS §461, as being applicable to their case. The section states, in essence, that for the act not to apply there must be an express statement in writing from "either party to the other". Unless there is such written notice, the act shall conclusively be presumed to continue.

In Preno v. Connell Anthracite Mining Co., 295 Fed.

667 (1924), cited by plaintiff, a minor 18 years of age was killed during the course of his employment while working in a dangerous place. At the time of the accident, the minor's parents neither knew of the dangerous nature of the work being performed nor gave their consent.

In interpreting article III of the act, the court said that ". . . it will be observed from this language that the minor himself has no power of choice; the right has been conferred on the parent or guardian of the minor" : Page 669.

The court concluded by saying:

"The act seems clearly to contemplate that the election shall be made by those legally competent to waive the rights of the minor employee. Having no knowledge of the employment, and no opportunity to make the election, before death had intervened, the minor's rights were not thereby waived. This action by the parent is in itself an election, that the act shall not apply": Page 669.

In the instant case, the minor plaintiff was not killed, but his parents had no notice of the nature of his employment. Paragraph 6 of the complaint avers that following the accident notice was sent to defendant rejecting all applicable coverage under The Workmen's Compensation Act. We must accept this notice as sufficient as required by the act. But, more importantly, this action by the parents is, in itself, a waiver of the act. The essence of the Preno case, supra, was not the fact that the minor employe was killed following his injuries, but rather that, at the time of the accident, his parents had no knowledge of the nature of his employment. The fact that the minor plaintiff lived in the instant case does not alter the applicability of Preno.

Defendant cites Lengyel v. Bohrer, 372 Pa. 531 (1953), as controlling in the present situation. However, in that case the issue before the court was the

nature of the illegal employment; whether employment, illegal because of a lack of a working certificate or because of its dangerous nature should be distinguished in applying the compensation provisions of section 320 of the act: 77 PS §672. Whether the parents had notice of the dangerous employment and whether the trespass action was an election to waive the provisions of the act was not discussed. In view of the above, the Lengyel case cannot be said to control the instant case.

We, therefore, conclude:

1. The parents of a minor child, without notice of the nature of his employment, may, subsequent to an accident, waive the provisions of The Workmen's Compensation Act by giving proper written notice.

2. We must assume, in the absence of a denial, that the notice was as required by the act.

3. The ensuing trespass action on behalf of the minor plaintiff must be considered a waiver of the applicable provisions of the act.

4. Section 320 of the act, 77 PS §672, cannot be invoked to deprive parents of their right to sue at common law for compensation for a minor son injured while dangerously employed.

Accordingly, defendant's preliminary objections are dismissed with leave to defendant to file an answer within 20 days.