## EDWARDS v. JAMES STEWART & CO., Inc., et al.

### No. 9300.

United States Court of Appeals
District of Columbia.

Argued March 12, 1947.

Decided April 14, 1947.

Mr. Levi H. David, of Washington, D. C., with whom Messrs. Abe Max Goldstein and Alan B. David, both of Washington, D. C., were on the brief, for appellant.

Mr. Sidney S. Sachs, Assistant United States Attorney, of Washington, D. C., with whom Messrs. George Morris Fay, United States Attorney, and Daniel B. Maher, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellees. Mr. Edward M. Curran, United States Attorney, of Washington, D. C., at the time the record was filed, also entered an appearance for appellees.

Before GRONER, Chief Justice, and EDGERTON and CLARK, Associate Justices.

CLARK, Associate Justice.

This is an appeal from a judgment of the District Court dismissing appellant's complaint for damages allegedly arising from appellees preventing him from obtaining employment.

Appellees, James Stewart & Co., Inc., H. J. Deutschbein Company, Inc. and The Peter F. Connolly Company, doing business under the firm name of James Stewart Company Associates, were engaged under written contract with the United States in the construction of a Naval Air Station at Trinidad, British West Indies. They employed appellant as senior accountant at Trinidad at a salary of $70.00 a week. This employment status continued from September 18, 1941, until November 15, 1941, when due to adverse working conditions appellant

submitted his resignation. Appellees accepted it and delivered to appellant a letter addressed to him dated November 21, 1941, stating: "This is to certify that your release from the employ of this company has been at your own request and without prejudice."

Thereafter appellant returned to the United States and made numerous efforts to obtain employment as an accountant or otherwise. The prospective employers required of him as a reference the name of his last previous employer and appellant submitted appellees' names. In response to inquiries made by these prospective employers concerning appellant the appellees sent to one such inquirer a letter, dated November 18, 1942, under the letterhead of the James Stewart Company Associates, which contained the following:

"This office acknowledges receipt of your letter, dated November 6, 1942, addressed to this Company with respect to Edward C. Edwards.

"Mr. Edwards was employed as a Senior Accountant from September 18, 1941, to November 15, 1941. Although this office gave him a letter on November 21, 1941, stating that he was released from our employ at his own request and without prejudice, his services in Trinidad were not satisfactory."

Appellant failed to secure employment. In his complaint he charged a conspiracy by the appellees to prevent him from obtaining employment by the use of the above quoted letter. The court, acting upon appellees' motion to dismiss the complaint for failure to state a cause of action, ordered the complaint dismissed on the ground that the letter constituted a privileged communication upon which no cause of action could be maintained.

It is clear that appellees' letter of November 18, 1942, written in response to an inquiry by a prospective employer of appellant was clothed with a qualified privilege recognizable as a matter of law.[1] This much appellant admits. But he contends that appellees' first letter dated November 21, 1941, constituted a waiver of such privilege. To establish this waiver, appellant attaches to the phrase "without prejudice" a significance which renders the clause in the second letter that "his services * * * were not satisfactory" contradictory and inconsistent. We do not impart such a meaning to this phrase and cannot find a waiver of privilege in it. The meaning we attribute to the words "without prejudice", as used here, is the same meaning as is generally attributed to them when they are used in a judgment of a court of law,[2] and accordingly, the voluntary separation "without prejudice" did not operate as res judicata on the merits of the services rendered, but reserved to the parties the privilege of adjudging the value of their dealings by subsequent action. Thus, when appellees certified to appellant that his separation was "without prejudice" they were not announcing their conclusion as to the character of his services, but were stating, in effect, that he had not been dismissed by affirmative action on the part of appellees. The phrase, "without prejudice", used in the factual background presented here, means nothing more than "you are not fired." By its use appellees were careful not to compromise their position into a final decision on the merits of the character of appellant's services. Their existing opinion as to the worth of these services was not affected by the termination of the employment status under these circumstances. And when it was necessary for them to reply to an inquiry made by a prospective employer with respect to the past services of appellant, it was their moral duty to express whatever opinion they had.

It follows that appellant's complaint alleging that appellees conspired to prevent him from obtaining employment states no cause of action. The fact that appellant charged appellees with civil conspiracy adds nothing to his case. Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135, 142, 118 A.L.R. 1440, certiorari denied 305 U.S. 643, 59 S.Ct. 146, 83 L.Ed. 436. "The

[1] Solow v. General Motors Truck Company, 2 Cir., 64 F.2d 105, certiorari denied 290 U.S. 629, 54 S.Ct. 48, 78 L. Ed. 547; see White v. Nicholls, 3 How. 266, 286, 11 L.Ed. 591; Washington Times Co. v. Bonner, 66 App.D.C. 280, 284, 86 F.2d 836, 840, 110 A.L.R. 393.

[2] See Annotation, 149 A.L.R. 553.

essence of conspiracy is an agreement—together with an overt act— to do an unlawful act, or a lawful act in an unlawful manner." Cooper v. O'Connor, supra. And where, as here, the act complained of would have been lawful and privileged if done by the individual appellees acting alone, their joint action under their firm name doing the same lawful act in a lawful manner does not give rise to a cause of action merely because a conspiracy is alleged. Moreover, we register considerable doubt as to whether the appellees in this case constitute a combination of two or more persons necessary to a conspiracy in view of the fact that in their relationship with appellant they were banded together in a single business association operating as such in a bona fide manner under a common firm name. The judgment of the court in dismissing the complaint is affirmed.

Affirmed.