Harry BERKOWITZ, Guardian of the Estate of Wilson Kinch, a Minor, and Wilson Kinch, Appellants,

v.

PHILADELPHIA CHEWING GUM CORPORATION.

No. 13762.

United States Court of Appeals Third Circuit.

Argued Feb. 9, 1962.

Decided May 31, 1962.

---

Frank M. Jakobowski, Philadelphia, Pa., for plaintiff-appellant.

David L. Pennington, Philadelphia, Pa. (Joseph R. Thompson, Philadelphia, Pa., on the brief), for defendant-appellee.

Before BIGGS, Chief Judge, and GOODRICH and McLAUGHLIN, Circuit Judges.

BIGGS, Chief Judge.

The issue presented by the appeal at bar is said to be whether there has been a rejection of the provisions of The Pennsylvania Workmen's Compensation Act, 77 P.S. § 1 et seq., so as to allow a suit on behalf of the minor against his employer as at common law. For reasons which will appear hereinafter we do not reach this question.

Wilson Kinch, when he was 18 years old, got a job with the defendant, Philadelphia Chewing Gum Corporation. Soon thereafter he sustained serious injuries by getting his right hand caught in a machine at the chewing gum factory. Forty-eight days after the injury an attorney representing Kinch wrote to the Chewing Gum Corporation and stated that Kinch's parents desired not to have their son take compensation under the Act but that they elected to pursue a claim on his behalf "under the theory of * * * common law liability".[1] On October 31, 1960, a so-called notice of election was sent to the Director of the Bureau of Workmen's Compensation of the Commonwealth of Pennsylvania, stating that Kinch was not subject to the Workmen's Compensation Act, that steps were being taken to proceed against his employer "under our theory of common-law liability", and that a suit would be instituted against the Company.[2]

The original complaint was filed on November 14, 1960. A motion was filed by the defendant to dismiss the action because it appeared "on the face of the Complaint" that the court lacked jurisdiction "in that the requisite diversity of citizenship is not shown to exist". The court below filed a memorandum opinion and granted the motion to dismiss unless an amended complaint were filed within twenty days. An amended complaint was filed on March 24, 1961. One difference between the original and the amended complaints is that the latter sets out in Paragraph 9 that following the injury Kinch, by his representative, informed the Chewing Gum Corporation and the Department of Labor of the Commonwealth of Pennsylvania that it was his intention not to make a claim for his injuries under the provisions of the Act but rather to proceed against his employer under the theory of common law liability and that the suit at bar was brought "by his legally appointed guardian" in pursuance of that objective.

The original complaint is entitled "Harry Berkowitz, Guardian of the Estate of Wilson Kinch, a Minor, and Wilson Kinch, Individually 1458 Wildwood Avenue Camden, New Jersey, Plaintiffs v. Philadelphia Chewing Gum Corporation Eagle and Lawrence Roads Havertown, Pennsylvania, Defendant". The title of the amended complaint is the same except that the word "Individually" has been omitted after the word "Kinch", second occurrence. The first paragraphs of both complaints are identical and allege that the matter in controversy exceeds, exclusive of interest and costs, the sum of $10,000 and that the court has jurisdiction on the basis of diversity of citizenship of the parties and the amount in controversy. There is no specific allegation as to the citizenship of Wilson Kinch albeit Paragraph 3 of both the original and the amended complaints states: "Plaintiff Wilson Kinch is a mi-

---

1. See Exhibit "A" to document No. 4.

2. See Exhibit "B" to document No. 4.

nor child, aged twenty years, who at all times material hereto was a resident of Delaware County, Pennsylvania." The second paragraph of both the original and the amended complaints asserts: "Plaintiff Harry Berkowitz is an adult individual, appointed guardian of the Estate of Wilson Kinch, a Minor, by the Orphans' Court of Delaware County, Pennsylvania, and is a citizen of the United States, in the State of New Jersey."

The Chewing Gum Corporation filed a motion to dismiss the action again on the ground, among others, that "it appears on the face of the Complaint that the court lacks jurisdiction of the subject matter in that the requisite diversity of citizenship is not shown to exist." The court below dismissed the action on the ground that notice of the minor's intention not to be bound by The Pennsylvania Workmen's Compensation Act was not sent within the time specified by 77 P.S. § 461. The court did not pass upon any issue relating to diversity of citizenship. In fact the court stated in the final paragraph of its opinion: "It is also noted that the minor's name was improperly included in the caption in view of lack of diversity of citizenship as to him." 198 F.Supp. 351, 354 (1961).

■■ The issue of jurisdiction is always open. Mitchell v. Maurer, 293 U.S. 237, 55 S.Ct. 162, 79 L.Ed. 338 (1934). Kinch himself is named as a party plaintiff in the original and in the amended complaint though the latter has omitted the word "Individually" from the title after Kinch's name. There is no allegation in the body of either the complaint or the amended complaint that Kinch is a citizen of some other state than the Commonwealth of Pennsylvania. The problem may go deeper, however, than the possible lack of complete diversity caused by what may be the unnecessary joinder of the minor. These further difficulties are created by the attempt under the circumstances to solve the diversity problem by having a citizen of New Jersey appointed to act in some capacity for the minor. The title of the cause alleges that Berkowitz is guardian

of the estate of Wilson Kinch, a minor, and both the original and the amended complaints allege that Berkowitz was appointed guardian of the estate of Kinch. We may take and we do take judicial notice of the fact, however, that the petition of Kinch's parents in the Orphans' Court of Delaware County, Pennsylvania (798–1960), entitled "Re Estate of Wilson Kinch, a Minor", is a petition for the appointment of a guardian *ad litem;* and that the "Consent of Parents" attached to the petition is for the appointment of a guardian *ad litem* for the purposes of bringing suit for personal injuries to the minor; that the acceptance by the proposed guardian *ad litem* is an acceptance of an appointment "as a guardian ad litem of the Estate of Wilson Kinch, a Minor * * *"; and finally that the decree of the Orphans' Court of Delaware County appointed Berkowitz "guardian ad litem of Wilson Kinch, a minor."

■ If it is the fact, as seems to be the case, that Berkowitz was appointed not as guardian of the estate of Kinch but as guardian *ad litem*, he cannot have the status of a general guardian of the estate of Kinch, despite the express allegations in the amended complaint to that effect. If Berkowitz as Kinch's guardian *ad litem* had brought suit in a Pennsylvania state court, he would have had to have brought it pursuant to Rule 2028 (a) of the Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix. If he had been appointed a general guardian he would appear in the suit as a real plaintiff to enforce the right owned by him in a fiduciary capacity. See Goodrich-Amram Standard Pennsylvania Practice § 2027–1 and 2. The Federal Rules of Civil Procedure also appear to make such a distinction. See Rule 17(c), 28 U.S.C. It may be, of course, that Kinch was a citizen of New Jersey at the time the suit was instituted, in which event it may be that allegations of pleading which now seem defective and deficient may be amended, if the court below shall see fit, pursuant to Section 1653, Title 28 U.S.C. If this is not the case, the question of whose citizenship is controlling in a

guardian *ad litem* action must be answered.[3]  In any event the court below must determine whether or not there is diversity jurisdiction.  We cannot do so on the present record.  Jurisdictional questions should be determined as early as possible in a litigation.  Underwood v. Maloney, 256 F.2d 334, 340 (3 Cir.), cert. denied, 358 U.S. 864, 79 S.Ct. 93, 3 L.Ed.2d 97 (1958).

The judgment of the court below is vacated and the case is remanded with instructions to proceed in accordance with this opinion.

3.  As to possibly related problems of diversity jurisdiction, see Corabi v. Auto Racing, Inc., 264 F.2d 784, 75 A.L.R.2d 711 (3 Cir. 1959) and Jamison v. Kammerer, 264 F.2d 789 (3 Cir. 1959).  See also Fallat v. Gouran, 220 F.2d 325–326 (3 Cir. 1955).  In Fallat the appointment of a general guardian of Fallat was made pursuant to the Pennsylvania Incompetents' Estates Act of 1951, Pa.Laws 1951, P.L. 612, 50 P.S. § 1631 et seq.  In Corabi there was no doubt since Corabi was appointed administrator d. b. n. of Brunn's estate that he had the capacity to sue whether or not he was the real party in interest and that Jamison was in a similar situation in the thirty-four Jamison cases.