Ethel HAZO, Plaintiff,

v.

Margaret E. GELTZ, Edward A. Burkardt and John Telford, Defendants.

Civ. A. No. 74–1262.

United States District Court, W. D. Pennsylvania.

Nov. 2, 1977.

See also, 537 F.2d 747.

Stanley M. Stein, Pittsburgh, Pa., for plaintiff.

Angelo C. Procopio, Pittsburgh, Pa., for M. Geltz.

Herman C. Kimpel, Pittsburgh, Pa., for Burkardt.

Norman P. Wolken, Pittsburgh, Pa., for J. Telford.

## OPINION

MARSH, District Judge.

Ethel Hazo, the plaintiff, brought a civil rights action against Margaret Geltz, Edward A. Burkardt and John Telford under 42 U.S.C. §§ 1983, 1985(3) and 28 U.S.C. § 1343. Pursuant to defendants' motion to dismiss, judgment was entered in favor of the defendants. Upon appeal, this judgment was vacated. *Hazo v. Geltz*, 3 Cir., 537 F.2d 747. Subsequently, the plaintiff Hazo, in an amended complaint,[1] alleges that the defendants conspired to deprive her "of her constitutional right to due process of law and equal treatment under the laws in violation of Title 42 United States Code, § *1985*." (emphasis supplied). See amended complaint ¶ 30.[2] The plaintiff demands judgment in the amount of $75,000[3] plus costs, which would include an attorney's fee, and an injunction against the

---

1. Pursuant to instruction of the Court of Appeals, the plaintiff was permitted to amend her complaint to allege a conspiracy under § 1983 instead of § 1985(3). 537 F.2d at 751.

2. Since the plaintiff abandoned her remedy under § 1985(3) in the Court of Appeals, 537 F.2d at 749, we have assumed that § 1985 was meant to be § 1983, otherwise her case should be dismissed pursuant to *Griffin v. Breckenridge*, 403 U.S. 88, 98, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

3. Plaintiff has violated Local Rule 30 which provides: "Except for any required jurisdictional allegation of the amount in controversy, a pleading demanding relief for ·elements of general damages unliquidated in amount shall, without claiming any specific sum, set forth only that money damages are claimed and may specify the categories of damages so claimed."

defendants from "interfering with the constitutional rights of the plaintiff or otherwise enforcing the judgment entered in the Court of Common Pleas of Allegheny County at No. 6984 of 1973, Execution No. 611 of 1974."

The Court of Appeals instructed that "[a]n evidentiary hearing should be had or summary judgment may be entered on an adequate record." 537 F.2d at 751. We find an evidentiary hearing was had in the Court of Common Pleas of Allegheny County, Pennsylvania, and because of that court's judgment in favor of Geltz, the plaintiff Hazo is estopped from retrying the same issues in this federal court.

In April, 1977, each defendant moved for summary judgment on the grounds that the issues about which plaintiff complains have already been tried and determined in the Court of Common Pleas of Allegheny County.

Pursuant to stipulation, a copy of the records of the state action in the lawsuit of Geltz v. Hazo at No. 6984 of 1973, Execution No. 611 of 1974, including a transcript of the testimony was filed and made part of the record in this court.[4] Depositions of Margaret Geltz, John Telford and Ethel Hazo were filed. A hearing was held on August 30, 1977.

In light of the facts determined in the state trial, and upon due consideration of the depositions filed, there does not appear to be any material issue of fact, and summary judgment should be entered in favor of the defendants and the case dismissed.

It appears from the record that Hazo and Geltz entered into a written contract (see amended complaint Exhibit A). Disagreement developed and Geltz by her attorney, the defendant Edward A. Burkardt, filed

an action of assumpsit in the Court of Common Pleas of Allegheny County, Pennsylvania, claiming $3,000, the sum allegedly due her. On December 27, 1973, Burkardt obtained judgment by default against Hazo for $3,081 including costs.[5] Upon this judgment, Burkardt issued execution[6] and a levy was made upon the personal property of Hazo. The levy was made by defendant John Telford, a Deputy Sheriff of Allegheny County.

It also appears that ITT Sheraton Corporation of America, a corporation d/b/a Sheraton Motor Inn (hereinafter ITT) had previously secured a judgment at No. 2601 of 1973 against Hazo in the sum of $1,125, including costs. Upon this judgment, ITT, by its attorneys, had issued execution at No. 3788 of 1973, and Deputy Sheriff Telford had made a levy upon Hazo's personal property.

Under both levies the personal property of Hazo was put up for Sheriff's Sale on April 17, 1974. The sale was conducted by Deputy Sheriff Telford. The sale at the ITT execution and the sale at the Geltz execution were one and the same. The property was purchased by Attorney Burkardt for about $99.00.

Subsequently, Hazo petitioned the state court to open the default judgment of $3,081 obtained by Geltz. Hazo also petitioned the state court to set aside the Sheriff's Sale of Hazo's goods and enjoin Geltz from disposing of any goods purchased at the sale.[7]

Hazo's petition to open judgment alleges improper service and incorporates her deposition of May 29, 1974 in the ITT case. Hazo's petition to set aside the execution sale alleges that some of the goods sold belonged to persons other than Hazo. It

---

4. Other issues involved are contained in the state action of ITT Sheraton Corporation of America, a corporation d/b/a Sheraton Motor Inn v. Ethel Hazo, an Individual, at Judgment No. 2601 of 1973, Execution No. 3788 of 1973 of which this court will take judicial notice. *Commonwealth of Pennsylvania v. Brown*, 373 F.2d 771 (3rd Cir. 1967); *Berkowitz v. Philadelphia Chewing Gum Corp.*, 303 F.2d 585, 587 (3rd Cir. 1962).

5. Judgment No. 6984 of 1973.

6. Execution No. 611 of 1974.

7. This petition is entitled ITT Corporation v. Ethel Hazo d/b/a Moses Hazo Co., Execution No. 3788 of 1973, sur Judgment No. 2601 of 1973 and is filed at Judgment No. 2601 of 1973.

alleges that the sale was "arbitrary, capricious and otherwise unlawful and is no more than a taking of property without just compensation." Further, the petition avers that the circumstances of the sale "suggest extreme irregularities, lack of authority and fraud in the sale and delivery of the goods." The petition also asserts that ITT and Geltz "may have conspired to defraud the Petitioner herein [Hazo] of the market value of the goods."

Hazo asserted in her petition to open judgment that common questions of law and fact exist in her petition to open and in her petition to set aside the ITT execution sale and that judicial economy and justice suggest that both actions be consolidated into one action for adjudication by the court.[8]

On July 23, 1974, the state judge issued a rule to show cause why the petition to open judgment should not be consolidated with the petition to set aside the execution sale. Geltz objected, but it appears that the state judge did consolidate the actions. (See memorandum opinion attached at Appendix).[9]

■ A consolidation involves the union of several actions into one which is tried as such. The identity of previously separate actions is not preserved, and separate verdicts and judgment are not rendered. *Reeves v. Philadelphia Gas Works*, 107 Pa. Super. 422, 164 A. 132 (1933).

■ Since the actions were consolidated by the state judge at the instance of Hazo she is estopped from denying that the two actions, i.e. (1) the petition to open the Geltz judgment and (2) the petition to set aside the execution sale, must be considered as a unity.

8. See Rule 213, Pennsylvania Rules of Civil Procedure.

9. The memorandum opinion is filed at *ITT v. Hazo*, Judgment No. 2601 of 1973 of which we take judicial notice.

10. Restatement of Judgments §§ 1, 45, 46 (1942).

After the state court hearing, the judge on August 6, 1974, denied Hazo's petition to open judgment and her petition to set aside the execution sale.

Hazo then appealed to the Superior Court of Pennsylvania and on October 11, 1974, the judge filed a consolidated opinion captioned ITT Sheraton Corporation of America, a corporation, d/b/a Sheraton Motor Inn, Plaintiff, v. Ethel Hazo, an individual, Defendant, Execution No. 3788 of 1973 and Margaret K. (sic) Geltz, Plaintiff, v. Ethel Hazo, d/b/a Moses Hazo Company, Defendant, No. 6984 of 1973. (See Appendix. The memorandum opinion of the state judge is filed at Judgment No. 2601 of 1973). According to the opinion, the state court decided that the Geltz judgment against Hazo was valid, and that nothing irregular or illegal occurred at the two levies or at the Sheriff's Sale and that it, therefore, was a valid sale.[10]

On February 3, 1975, Hazo discontinued her appeal to the Superior Court[11] after filing her civil rights complaint on December 24, 1974 in this court.

Hazo's amended complaint in her civil rights action alleges a conspiracy by the three defendants and specific acts in support thereof. Although it does not appear that a conspiracy by the three defendants was charged in the state court, substantially all of the material facts alleged by Hazo to support a conspiracy in this federal court were brought out in the state court trial and were decided against Hazo.

The bare conclusory allegation of a civil conspiracy in Hazo's civil rights action adds nothing to the matters already litigated in the state court. *Hoffman v. Halden*, 268 F.2d 280, 295 (9th Cir. 1959).

11. The Superior Court issued a notice of appeal taken on August 14, 1974, then certified that a praecipe for discontinuance was filed on February 3, 1975 and that the appeal was discontinued at Execution No. 3788 of 1973 sur Judgment No. 2601 of 1973, being *ITT v. Hazo*, and at Judgment No. 6984 of 1973 being *Geltz v. Hazo*.

■ "The essence of conspiracy is an agreement—together with an overt act—to do an unlawful act, or a lawful act in an unlawful manner." *Edwards v. James Stewart & Co.,* 82 U.S.App.D.C. 123, 124–125, 160 F.2d 935, 936–937 (1947). In the light of the adjudication of the state court there were no unlawful acts nor lawful acts done in an unlawful manner, but rather a valid default judgment based on proper service of the complaint and proper levies and a lawful Sheriff's Sale. The few alleged acts, if any, which were not brought out in the state court trial are, standing alone, insufficient to establish that the Geltz default judgment was invalid and that the Sheriff's Sale was unlawful.

Hazo has sought through the vehicle of a § 1985 action (amended complaint ¶ 30) which we assume was meant to be § 1983, for damages and injunctive relief, to have a lower federal court engage in what essentially constitutes relitigation of issues already decided by the state court. Having been ·content to forego her appeal to the Superior Court of Pennsylvania, the plaintiff is now barred by the principle of collateral estoppel from obtaining a review of the state court proceedings in the lower federal court. *Cf. Donegal Steel Foundry Co. v. Accurate Products Co.,* 516 F.2d 583 (3rd Cir. 1975).

Guided by the decision in *Angel v. Bullington,* 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947), the federal courts have held that litigants may not seek to have redetermined, by original actions in federal district courts, issues already settled in a prior state court adjudication.

■ The Civil Rights Act was not designed to be used as a substitute for the right of appeal or as a vehicle for collaterally attacking a final judgment of a state court and relitigating the issues which the state court has decided. *P I Enterprises, Inc. v. Cataldo,* 457 F.2d 1012 (1st Cir. 1972); *Coogan v. Cincinnati Bar Association,* 431 F.2d 1209 (6th Cir. 1970).

■ The effect of collateral estoppel cannot be avoided by recasting adjudicated issues in the form of an action under the Civil Rights Act. *Cf. Bricker v. Crane,* 468 F.2d 1228 (1st Cir. 1972); *P I Enterprises, Inc. v. Cataldo, supra.*

Hazo is not entitled to an encore.

It was stated in *P I Enterprises, Inc. v. Cataldo, supra* at 1015:

"Obviously the federal cause of action is different from that brought in state court, but the doctrine of collateral estoppel 'precludes relitigation of issues actually litigated and determined in the prior suit, *regardless of whether [the judgment] was based on the same cause of action as the second suit. Lawlor v. National Screen Service Corp.,* 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 1122 (1955). (emphasis added)."

To the same effect is *Murphy v. Landsburg,* 490 F.2d 319 (3rd Cir. 1973), citing § 68 of the Restatement of Judgments (1942) and 1 B Moore's Federal Practice § 0.441(2) at 3777 (2d Ed. 1965).

It was further stated in *P I Enterprises, Inc., supra,* at 1015:

"The application of collateral estoppel in federal courts is no longer grounded upon the mechanical requirements of mutuality.· Rather, as the Supreme Court stated with regard to patent litigation in *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), the significant question is whether a party has had a ·'full and fair' opportunity for judicial resolution of the same issue."

Upon careful examination of the transcript of the state court trial and the memorandum opinion of the state judge, we find that each of the significant issues raised in the civil rights action was fully and fairly litigated in the state court. The contentions of Hazo including those of improper service, illegal levies and an unlawful Sheriff's Sale were found to be without merit. Excising these claims from Hazo's amended complaint leaves nothing that states a cause of action under § 1983 of the Civil Rights Act.

An appropriate order will be entered.

APPENDIX

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

ITT SHERATON CORPORATION OF
AMERICA, a corporation, d/b/a
SHERATON MOTOR INN,

Plaintiff,

v.

ETHEL HAZO, an individual,

Defendant.

Execution No. 3788 of 1973

MARGARET K. GELTZ,

Plaintiff,

v.

ETHEL HAZO, d/b/a MOSES HAZO
COMPANY,

Defendant.

No. 6984 of 1973

---

## MEMORANDUM OPINION

WEIR, Judge.

The orders of this court in the two above captioned cases have been appealed, and we have been requested to write an opinion explaining the orders.

The matter involved in the case of Margaret K. Geltz v. Ethel Hazo, d/b/a Moses Hazo Company, 6984 of 1973, Execution No. 611 of 1974, is a rule to show cause why the default judgment against defendant should not be opened.

The principal contention in support of the rule is the alleged lack of proper service of the complaint in the first instance. As to this, it was found by this court that the return of service is correct on its face, there was no credible evidence to the contrary, and that shortly thereafter defendant acknowledged its receipt to the deputy sheriff who served it, and who had come to know the defendant through serving papers upon her. Additionally, many months elapsed between notice of the default judgment and the petition for the rule. Also, it became obvious, after lengthy hearing, that the defendant does not have a meritorious defense to the complaint.

The matter involved in the case of ITT Sheraton Corporation v. Ethel Hazo, d/b/a Moses Hazo Company, which was consolidated with the previous case and heard jointly therewith, is a petition to set aside execution sale of personal property. There were various irregularities and improprieties asserted with respect to this execution and sale. However, the hearing developed only accusations and insinuations, and there was no credible evidence that there were any irregularities or improprieties whatsoever in the execution and sale. (Actually, the creditors in both of these cases, who are interested only in being repaid, seem to have been cooperating with the debtor somewhat beyond the requirements of the law.)